## BEAN, *Complainant, versus* HINMAN.

In a complaint for flowing land by a mill-dam owned by the respondent, it is no defence, that his ownership had ceased prior to the instituting of the complaint.

The statute does not authorize a recovery for damage done by flowing more than three years before the complaint.

For damage done within three years before commencing the suit, and before the owner had ceased to own the dam, he is responsible.

On REPORT from *Nisi Prius.*

COMPLAINT, under the Statute, for flowing land by means of the respondent's mill-dam. The defence was, that several months prior to the instituting of the complaint, he had sold and conveyed the dam to others, who immediately entered into the use and occupation of it.

*Herbert,* for the complainant.

*Robinson,* for the respondent, cited 17 Pick. 70.

WELLS, J., orally. — The first question presented is, whether the respondent is liable at all, having parted with his ownership, before the process was commenced, and others being in possession and flowing the land. Each owner must be held liable for all such damage occasioned by him, unless there is a limitation in the Statute of Flowage.

Section 5, chap. 126, R. S. provides, that a person injured, may obtain compensation by complaint, &c., but no compensation shall be awarded for any damages, sustained more than three years before the institution of the complaint. There is therefore, a limitation as to time, but in no part of the statute is there a limitation as to the person against whom the process lies. The statute does not exempt a person, merely because he is not the present owner.

The respondent is therefore liable to such damage, and only such, as accrued during his ownership, but not extending back beyond thee years from the commencement of the suit.